1  Caree Harper SBN 219048
LAW OFFICES OF CAREE HARPER
2  100 Wilshire Blvd. Suite 700
Santa Monica, CA 90401
3  Tel. (213) 386-5078
Email: *ch1@attorneyharper.com*
4

5  Attorneys for "S.A.J", a Minor,
by and through Guardian *ad Litem*
6  **LAURENCE TODD**

7

8  ## UNITED STATES DISTRICT COURT
9  ## CENTRAL DISTRICT OF CALIFORNIA

10

| 11  "S.A.J." a Minor, by and through Guardian *ad Litem* LAWRENCE TODD | **CASE NO. 22-CV-00767 SP** |
|---|---|
| 12 | **[FIRST AMENDED]** |
| 13  *Plaintiffs,* | **CIVIL RIGHTS VIOLATIONS** |
| 14  vs. | **COMPLAINT FOR DAMAGES** |
| 15  RIALTO POLICE OFFICER IVAN DELGADILLO, OFFICER ZAMORA, CITY OF RIALTO, & CHIEF MARK KLING, & COUNTY OF SAN BERNARDINO individually and in their official capacities and Does 1-10, inclusive. | **1. EXCESSIVE FORCE** (Per 42 U.S.C. § 1983) |
| 16 | **2. *MONELL* ALLEGATIONS** (Per 42 U.S.C. § 1983) |
| 17 | **3. CONSPIRACY** (Per 42 U.S.C. § 1985) |
| 18  *Defendants.* | **4. BATTERY** |
| 19 | **5. NEGLIGENCE** |
| 20 | **6. *BANE* CIVIL RIGHTS ACT** (CA. Civil Code § 52.1) |
| 21 | **7. TORTS-IN-ESSENCE** |
| 22 | **[JURY TRIAL DEMANDED]** |

25

26  ///

27  ///

28

## INTRODUCTION.

1.    This civil rights action seeks compensatory and punitive damages from Defendants for violating various civil rights under the United States Constitution and state law in connection with the excessive use of force, child-endangerment and brutal battery of Minor, "S.A.J." (hereinafter **"SAJ"** or "Minor")

## PARTIES

2.    **"SAJ"** is a 16 year-old Minor female who sues through her maternal uncle **LAURENCE TODD** as Guardian *ad Litem.* **"SAJ"**, is a Black female and at all relevant times she resided in the County of San Bernardino, California. Guardian *ad Litem,* **LAURENCE TODD** is the maternal uncle of the Minor's mother.

3.    Defendant, Officer **IVAN DELGADILLO ARCE**, hereinafter **("DELGADILLO")** at all relevant times was and is a sworn police officer at the **RIALTO POLICE DEPARTMENT.** was acting under color of law within the course and scope of his duties as an officer for the **RIALTO POLICE DEPARTMENT ("RPD")** with the complete authority and ratification of his principal, Defendant **CITY**, when he choked and struck the Minor female.

4.    Defendant, Officer **ZAMORA**, at all relevant times, was and is a sworn police officer, at the **RIALTO POLICE DEPARTMENT** with the complete authority and ratification of his principal, Defendant **CITY**, when he failed to intervene as DEFENDANT DELGADILLO choked and struck the Minor female. He is sued herein for failing to intervene, and conspiracy for attempting to cover up the brutal battery on the Minor and for furtherance of conspiracy by arresting the Minor and lying to her father and grandfather.

5.    Defendant, **RIALTO POLICE CHIEF MARK KLING**, at all relevant times, was a sworn police officer, supervisor and policymaker at **"RPD"**.

6.    At all relevant times, Defendant **CITY OF RIALTO ("CITY")** is and was a duly organized public entity, form unknown, existing under the laws of the State of California. At all relevant times, CITY was the employer of Defendants and

1 DOES who were police officers, and DOES 1-5 who were police officers and
2 supervisorial officers, and who were managerial, supervisorial, and policymaking
3 employees of the CITY police department.

4     7.    At all relevant times, Defendant **COUNTY OF SAN BERNARDINO**
5 **("COUNTY")** is and was a duly organized public entity, form unknown, existing
6 under the laws of the State of California. At all relevant times, the COUNTY was
7 the employer of DOE Defendants who were either deputies or jailers at juvenile hall,
8 and DOES 5-10 who were police officer and supervisorial officers, and who were
9 managerial, supervisorial, and policymaking employees of the COUNTY police
10 department.

11     8.    At all relevant times, DOES 1-10 were duly authorized employees and
12 agents of CITY and/ or COUNTY, who were acting under color of law within the
13 course and scope of their respective duties as police officers, deputy or jailer and
14 with the complete authority and ratification of their principal, Defendant CITY and
15 COUNTY with the complete authority and ratification of their principal, Defendant
16 CITY and COUNTY.

17     9.    At all relevant times, Defendants and DOES 1-10 were duly appointed
18 officers and/or employees, agents or deputies of the CITY and COUNTY, subject to
19 oversight and supervision by CITY and COUNTY's elected and non-elected
20 officials.

21     10.   In doing the acts and failing and omitting to act as hereinafter
22 described, Defendants were acting on the implied and actual permission and consent
23 of CITY and COUNTY.

24     11.   At all times mentioned herein, each and every CITY and COUNTY
25 defendant was the agent of each and every other CITY and COUNTY defendant and
26 had the legal duty to oversee and supervise the hiring, conduct and employment of
27 each and every CITY and COUNTY defendant.

28     12.   The true names of defendants DOES 1 through 10, inclusive, are.

1 | unknown to Plaintiffs, who therefore sue these defendants by such fictitious names.
2 | Plaintiffs will seek leave to amend this complaint to show the true names and
3 | capacities of these defendants when they have been ascertained. Each of the
4 | fictitious named defendants is responsible in some manner for the conduct and
5 | liabilities alleged herein.

6 |      13.    Plaintiff has filed comprehensive and timely claims for damages with
7 | CITY and COUNTY pursuant to applicable sections of the California Government
8 | Code.

9 | **JURISDICTION AND VENUE**

10 |      14.    This civil action is brought for the redress of alleged deprivations of
11 | constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the
12 | Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is
13 | founded on 28 U.S.C. §§ 1331, 1343, and 1367.

14 |      15.    Venue is proper in this Court under 28 U.S.C. § 1391(b), because
15 | Defendants reside in, and all incidents, events, and occurrences giving rise to this
16 | action occurred in, the County of San Bernardino, California.

17 | ///
18 | ///
19 | ///

4

[FIRST AMENDED] "S.A.J." COMPLAINT FOR DAMAGES

1    16.                          **STATEMENT OF FACTS**

2

3           On or about February 11, 2022, Minor "SAJ" was riding a homemade

4    mini-bike with her twin brother near their residence in Rialto, California. Kids

5    riding homemade mini-bikes are commonplace in Rialto, and as long as the youths

6    wear helmets, local law enforcement usually turns a blind eye, but this day marked a

7    change to this unwritten policy. On or about 4:00 P.M. on this sunny Friday, Minor

8    "SAL" was stopped at the intersection of Linden and Pinedale by Defendants

9    DELGADILLO and ZAMORA. The following conversation was taken from the

10   bodycam of Defendant DELGADILLO who cursed the Minor repeatedly and

11   questioned her sexuality from the onset, creating a negative tone for what could

12   have been a deadly encounter:

13   SAJ:        I was speeding?... I was not going fast.

14   Delgadillo:  Do you have any ID?
15

16   SAJ:        What y'all fixing to do?

17   Delgadillo:  (Laced in sarcasm) Are you a boy or a girl?
18

19   SAJ:        Girl.

20   Delgadillo:  And you're 17?

21   SAJ:        Yeah.
22

23   Delgadillo:  I think you're lying about that. Try again. How old are you?

24   SAJ:        17.
25

26   Delgadillo:  Where do you stay at?

27   SAJ:        Around here.
28   ///

[FIRST AMENDED]  "S.A.J." COMPLAINT FOR DAMAGES

1  Delgadillo: Is that an answer? For a police officer? "Around here?"

2  SAJ        I stay around here. (Pointing) This is my neighborhood.

3
4  Delgadillo: That's not what I asked.

5  SAJ:       This is my neighborhood. Right around here.

6  Delgadillo: What is your address that is what I want to know -your address?

7  SAJ:       I don't know it.

8
9  Delgadillo: At 17 years old, you don't know your address?[1]
              Do you have someone to pick you up?

10 SAJ:       I live right over here. (Pointing)

11
12 Delgadillo: We're not asking where you live anymore.
              Do you have someone to pick you up?

13 SAJ:       To pick me up?
14
15 Delgadillo: Yeah.

16 SAJ:       My bike too?

17 Delgadillo: Do you want to keep your bike or you want us to take it?

18 SAJ:       I want to keep it.
19
20 Delgadillo: Stop being a smart ass.
              You're not talking to your DaDa or your Mama (in a mocking
21            tone). You're talking to police officers. Ok?
              Stop being a smart ass and we can treat you like a young lady. OK?
22

23 SAJ:       Can you put- (interrupted)

24
25 Delgadillo: That's a smart ass right there.
              This right here going like 40 miles an hour, it's not legal, it's not
26            safe.

27 SAJ:       I wasn't going 40 miles though.
28

---

[1] Instead of considering the possibility... the Minor did not understand him due to the stress of
the moment & a learning disability, Delgadillo chose to belittle her.

[FIRST AMENDED] "S.A.J." COMPLAINT FOR DAMAGES

1   Delgadillo:  I'm not asking you, I'm telling you, because we were following
                you. We had to get up to like 80 to catch up to you. And you
2             were hauling ass. So again, be respectful and we'll be
3             respectful. Don't be a smart ass and will treat you like a young .
            lady and be respectful to you. We're trying to tell you that you're
4             detained right now for a crime. The crime is you can't be riding
5             these things like that.
            So how about you stop lying to us, tell us the truth-stop tryin to-
6             listen - no problem you don't want to tell us who you are, where
7             you live, what's your address, we'll just put you in handcuffs and
8             put in the back of the car and take the police station. You'll never
            see—
9             (Inaudible)

10
            I'm sorry are you talking or am I talking?!
11

12   SAJ:        You talking.

13   Delgadillo:  OK, let me continue talking. So again, we'll just put you in
14             handcuffs and take you to the police station. Takeoff your
15             helmet, completely. And put it to the side.        .

16             (To officer Zamora):
17             Make sure she gets her helmet off.

18   Zamora:    Take your helmet off
19
20   Delgadillo:  Put it to the side.

21   Zamora:    Put it right here.

22
23   Delgadillo:  …before she grabs you and hits you with it as a weapon. There you go.
       So you
24             want to see this again? (Pointing to bike)

25   SAJ:        Um hmm.
26
27   Delgadillo:  OK, lose the attitude right now. Like I said I'm not your Mom
       I'm not your Dad.                    .
28

[FIRST AMENDED] "S.A.J." COMPLAINT FOR DAMAGES

1  SAJ:         (To a kid across the street): Hey (unintelligible) me, and tell my brother
2              Hey you got your phone?

3  Delgadillo:  Alright put her in handcuffs and put her in the back of the car she's
4              not communicating.
               [Officers go hands on]
5  SAJ:         I'm trying to communicate. I just asked him if he had his phone
6              with him. You got your phone on you?

7  Delgadillo: Let's go.

8
9  SAJ:         I'm communicating.  No, come on,  I'm communicating with you.

10 Delgadillo: Stop. Stop. Stop.

11 SAJ:         I'm communicating with you. I'm communicating with you.
12
13 Delgadillo: Stop. Stop.

14 SAJ:         I live down the street.
15
16 Delgadillo: Stop. Stop. Stop. Stop.

17 SAJ:         I'm communicating with you. (Crying)

18 Delgadillo: Do I have to tase you?  I don't wanna tase you.
19 SAJ:         I'm communicating-

20 Delgadillo: No you're not communicating. You're not communicating.
21 SAJ:          Yeah I am I asked if he had his phone.

22
23 Delgadillo: Stop resisting. Stop resisting. I don't wanna hurt you-

24 **[DELGADILLO simultaneously throws the little girl to the ground causing her**
25 **to land on the hard surface on the right shoulder she had just had surgery on in**
   **the prior months.]**
26
27 SAJ:         Hey go get my brother! Go get my brother!

28 Delgadillo: Stop resisting!

1 | SAJ: Go get my brother!

2 [Defendant Delgadillo puts his knee on her chest causing her lose her breathe]

3
4 Delgadillo: Did you just try to bite me?!

5 | SAJ: No I didn't.

6 Delgadillo: Did you just try to bite me?!  Handcuff her.  Handcuff her now.

7
8 SAJ: (to a bystander across the street) Hey! Hey, call my brother! Call my
brother! Call my brother!

9
10 Delgadillo: Handcuff her now!

11 SAJ: Hey hurry up!
12 Zamora: (unknown) -turn around

13 SAJ: —-Keep recording! Keep recording!
14 I have a dislocated shoulder and your fixin' to break it! You're fixing to
15 pull my shoulder out. —- shoulder.

16 Delgadillo: —we're 415 with one (to dispatch).

17
18 SAJ: Ooouu, you need to stop.

19 Delgadillo: No we're not going to stop.

20 SAJ: You got my—I can't breathe!

21
22 Delgadillo: You just tried to bite me again.

23 SAJ: (Screams)

24
25 Delgadillo: You tried to bite me again! Stop trying to bite me!

26 SAJ: Awwwww my dislocated shoulder!

27 Delgadillo: Second time you tried to bite me!
28

[FIRST AMENDED] "S.A.J." COMPLAINT FOR DAMAGES

1  SAJ:        My dislocated shoulder!  My shoulder! My shoulder! My shoulder!
              (Crying) My shoulder!
2              (to brother:) Go get Dad! Go get Dad! Go get Dad!

3
   Delgadillo: Come on. Get in the car!
4

5  SAJ:        My Grandpa's right there, My Grandpa is right behind you.

6  [ At this point Defendant Officer DELGADILLO **forcefully, intentionally and**
7  **without regard for the Minor's life, struck her directly in the throat,** sucker
8  punch style, while she was handcuffed and in the patrol unit. This throat strike is
   only visible on the body worn camera of Defendant DELGADILLO not on the
9  shared footage of bystanders circulating on various social media sites.]

10
   Zamora:     We tried to detain her, we talked to her very nice. [The conspiracy to
11 cover up the wrongdoing began immediately.]

12
13 Grandpa:    So she's going to jail for resisting?

14 Delgadillo: No she's going to jail for assaulting an officer.  Are you kidding
15             me?

16 ZAMORA: (to SAJ's father who walks into frame).  She's under arrest for
17          disrespecting us.

18 SAJ:        He hurt my neck! He hurt my neck! He hurt my neck!
19             He put his hand around my neck!

20
   Delgadillo: "We were as polite as we could possibly be to her."
21

22        DEFENDANT CHIEF KLING offered an apology shortly after the brutal

23 attack on the child saying, "We apologize to the juvenile's family regarding these

24 unfortunate circumstances. At a time when our police department strives to build

25 community relationships, we certainly fell short in this encounter...We look forward

26 to building a rapport with this family now and in the future." Words without actions

27 are hollow and are received as such. DEFENDANT KLING has failed miserably in

28 his handling of this horrible incident especially since the **most egregious** action

1 occurred when DEFENDANT DELGADILLO forcefully struck the little girl in the
2 throat while she was handcuffed and helpless in the patrol car. While this explains
3 why DEFENDANT CHIEF KLING refuses to release the damning body worn
4 camera footage, it does not explain why the DEFENDANT CHIEF has not **fired**
5 DEFENDANT DELGADILLO for the brutal battery on the Minor.

6       The Minor was arrested and transported to juvenile hall and booked for
7 assault and battery on the officer.   The Defendant COUNTY imprisoned the Minor
8 for four days without cause.  Both the Defendant CITY and COUNTY conspired to
9 deprive her of her due process rights to equal protection and to be free from cruel
10 and unusual punishment.

11       The Minor Plaintiff voluntarily provided a victim statement to the San
12 Bernardino COUNTY investigators from the District Attorneys' Office in March
13 2022 under the pretext that they were conducting a criminal investigation into
14 Defendant DELGADILLO's use of force on "SAJ".

15       Timely Governmental Tort claims have been filed with both the "CITY" and
16 "COUNTY" of SAN BERNARDINO in February, 2022 and April, 2022.

17     17.   At the time DELGADILLO and ZAMORA engaged with the MINOR
18 there was no threat of violence to anyone, no exigent circumstances existed, and
19 time was on the side of the Defendant Officers to negotiate and take a peaceful
20 approach to resolve the incident. These two men chose to batter a little girl instead.

21     18.   Prior to being violently thrown down, chocked and punched, the Minor
22 did not physically injure or attempt to physically injure the involved officers or
23 anyone. To the contrary, the Minor was trying to get a bystander to call her father to
24 pick up the bike as instructed.

25     19.   In an attempt to cover for fellow officer, Defendant OFFICER
26 **DELGADILLO**'s wrongdoing, Officer ZAMORA immediately lied to the Minor's
27 grandfather and father who came to the scene after she was handcuffed and put in
28 the patrol car.

# FIRST CLAIM FOR RELIEF

## Unreasonable Search and Seizure—Excessive Force, Battery & False Arrest
### (42 U.S.C. § 1983) (Against All Officer Defendants)

20.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 19 of this Complaint with the same force and effect as if fully set forth herein.

21.    Defendants, and DOES 1-10 , and each of them, joined in and carried out a mutually supportive conspiracy to deprive the Minor Plaintiff of her rights against unreasonable seizures, and due process guarantees by participating in a mutually supportive, corrupt effort to deny and violate Plaintiff's constitutional rights.

22.    The unjustified brutal battery of the Minor violated her right to be secure in her person against unreasonable searches and seizures as guaranteed to under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

23.    The unreasonable use of force by all Defendant OFFICERS excluding **Chief KLING** (hereinafter "Officer Defendants", "Defendant OFFICERS or "OFFICERS") deprived the MINOR of her right to be secure in her person against unreasonable searches and seizures as guaranteed under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

24.    As a result of the conduct of the Officer Defendants, they are liable for the Minor's injuries, either because they were integral participants in the use of excessive force, or because they failed to intervene to ***prevent*** these violations.

25.    The conduct of the Officer Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of the MINOR and therefore warrants the imposition of exemplary and punitive damages as to the Officer Defendants.

1    26.    Plaintiffs also seek attorney fees under this claim.

2

3                    **SECOND CLAIM FOR RELIEF**
                          *Monell* **Allegations**
4       **Municipal Liability for Unconstitutional Custom or Policy**
5    **(42 U.S.C. § 1983) (Against CHIEF KLING, DOES 1-10; CITY and COUNTY)**

6

7       27.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1
8    through 26 of this Complaint with the same force and effect as if fully set forth
9    herein.

10      28.    The Defendant OFFICERS' vicious battery on the Minor girl, who
11   never physically injured or attempted to injure the Officer Defendants or anyone
12   prior to being hurt was not immediately condemned by Defendant CHIEF KLING.
13   Defendant Chief KLING  advocated and ratified policies that inherently jeopardizes
14   the safety the citizens in RIALTO. CHIEF KLING has condoned and ratified
15   policies that allow officers accused of malfeasance to view patrol camera footage
16   and body cam footage **before** making a statement about their actions; he repeatedly
17   refuses discipline officers accused of wrongdoing against community members and
18   thereby emboldening the officers by creating and maintaining an environment where
19   they know that no matter what they do they will not be punished in anyway for
20   inflicting serious bodily injury or killing people, especially community members of
21   color.

22      29.    DEFENDANT CHIEF KLING offered an apology shortly after the
23   brutal attack saying, "We apologize to the juvenile's family regarding these
24   unfortunate circumstances. At a time when our police department strives to build
25   community relationships, we certainly fell short in this encounter…We look forward
26   to building rapport with this family now and in the future." The "rapport" building
27   never started.

28   ///

13

1    30.    As customary with the RIALTO Police Department, Defendant CITY,
2  Chief and Chiefs before him have never been disciplined for the use of excessive
3  force on people of color.

4    31.    For some time prior to February 11, 2022, (and continuing to the
5  present date) the individual OFFICER Defendants, deprived Plaintiff
6  of the rights and liberties secured to her  by the Fourth and Fourteenth
7  Amendments to the United States Constitution, in that, said defendants and their
8  supervising and managerial employees, agents, and representatives, acting with
9  gross negligence and with reckless and deliberate indifference to the rights and
10  liberties of the public in general, and of Plaintiff and of persons in their class,
11  situation and comparable position in particular, knowingly maintained, enforced and
12  applied an official recognized custom, policy, and practice of:

13    (a) Employing and retaining as police officers and other personnel, including
14  the Officer Defendants, DOES 1- 5, at all times material herein knew or reasonably
15  should have known had dangerous propensities for abusing their authority and for
16  mistreating citizens by failing to follow written CITY police department's policies,
17  including the use of excessive force, bigotry, racism and dishonesty;

18    (b) Of inadequately supervising, training, controlling, assigning, and
19  disciplining CITY officers, and other personnel, including the Officer Defendants,
20  who Defendant CITY knew or in the exercise of reasonable care should have known
21  had the aforementioned propensities and character traits, including the propensity
22  for violence and the use of excessive force;

23    (c) By maintaining grossly inadequate procedures for reporting, supervising,
24  investigating, reviewing, disciplining and controlling the intentional misconduct by
25  Defendant the Officer Defendants, who are police officers of CITY;

26    (d) By failing to discipline CITY officers' conduct, including but not limited
27  to, excessive force,

28    (e) By ratifying the intentional misconduct of Defendant the Officer

1        Defendants, who are officers of CITY;

2        (f) By having and maintaining an unconstitutional policy, custom, and
3    practice of using excessive force, including deadly force, which also is demonstrated
4    by inadequate training regarding these subjects. The policies, customs, and practices
5    of DOES 1- 5, were done with a deliberate indifference to individuals' safety and
6    rights; and

7        (g) By failing to properly investigate claims of unlawful detention and
8    excessive force by CITY police officers.

9        33.    Top brass at the RIALTO Police Department have a long history of
10   refusing to discipline officers for excessive for on people of color and stonewalling
11   and/ or failing to cooperate with investigations into allegations of excessive force,
12   specifically but not limited to Defendant CHIEF KLING.

13       34.    Defendants, together with various other officials, whether named or
14   unnamed, had either actual or constructive knowledge of the deficient policies,
15   practices and customs alleged in the paragraphs above. Despite having knowledge as
16   stated above these defendants condoned, tolerated and through actions and inactions
17   thereby ratified such policies. Said defendants also acted with deliberate indifference
18   to the foreseeable effects and consequences of these policies with respect to the
19   constitutional rights of Plaintiff and other individuals similarly situated.

20       35.    By perpetrating, sanctioning, tolerating and ratifying the outrageous
21   conduct and other wrongful acts, Defendant KLING, acted with an intentional,
22   reckless, and callous disregard for the Plaintiff's constitutional rights.  Defendant
23   KLING and other unknown supervisors were willful, wanton, oppressive, malicious,
24   fraudulent, and extremely offensive and unconscionable to any person of normal
25   sensibilities.

26       36.    Furthermore, the policies, practices, and customs implemented and
27   maintained and still tolerated by the CITY, and Defendant KLING and unknown
28   Defendants were affirmatively linked to and were a significantly influential force

[FIRST AMENDED] "S.A.J." COMPLAINT FOR DAMAGES

1 | behind the injuries of MINOR.

2 |    37.   By reason of the aforementioned acts and omissions of Defendants
3 | DOES 1-10, Plaintiff has suffered, accordingly, Defendants and DOES 1-10, each
4 | are liable to Plaintiffs for compensatory damages under 42 U.S.C.§1983.

5 |    38.   By reason of the aforementioned policies and practices of Defendants,
6 | MINOR was severely injured and subjected to pain and suffering.  Accordingly,
7 | Plaintiff seeks damages for this cause of action.

## THIRD CAUSE OF ACTION
## CONSPIRACY
### (Per 42 U.S.C. Section 1985)

11 |    39.   Plaintiff repeats and re-alleges each and every allegation in paragraphs
12 | 1 through 38 of this Complaint with the same force and effect as if fully set forth
13 | herein.

14 |    40.   Defendants, together with other unknown co-conspirators,
15 | including police supervisory, and command personnel, together reached an
16 | understanding, engaged and continue to engage in a course of conduct, and
17 | otherwise jointly acted and conspired among and between themselves to commit
18 | unconstitutional overt acts, including the racial profiling and harassment of African
19 | Americans in RIALTO, and retaliation against those who object to the violations of
20 | constitutional rights, and deliberate indifference to those officers who deprive others
21 | of constitutional rights.

22 |    41.   Because the conspiracy or conspiracies and the overt actions in
23 | furtherance thereof were done and continue to be done with the knowledge and
24 | purpose of depriving African- American victims of the equal protection of the laws
25 | and equal privilege and immunities under the law, and with racial animus toward the
26 | Plaintiff and the other victims of this racially motivated conspiracy, the Defendants
27 | also deprived Plaintiff of her right to equal protection of the laws under the
28 | Fourteenth Amendment, and 42 U.S.C.§1985.

[FIRST AMENDED]  "S.A.J." COMPLAINT FOR DAMAGES

1       42.    Defendants together with other as yet unnamed Doe co-conspirators,

2 knowing that the above § 1985 conspiracy to deprive African-Americans of their

3 rights, and having the power, authority and duty to prevent or aid in preventing the

4 commission of the acts in furtherance of the conspiracy, neglected and refused to do

5 so, in violation of 42 U.S.C. § 1986.

6       43.    As a direct and proximate result of the foregoing, MINOR sustained

7 injury and damage as alleged above.

8

9 **FOURTH CLAIM FOR RELIEF**
**Battery (Cal. Govt. Code § 820 and California Common Law)**

10 (Against the Officer Defendants, CITY & COUNTY)

11

12      44. Plaintiff repeats and re-alleges each and every allegation in paragraphs

13 1 through 43 of this Complaint with the same force and effect as if fully set forth

14 herein. Delgadillo and Zamora had a duty to care for the Minor's safety.

15      45.    Defendant Officers, while working as police officers for the RIALTO

16 Police Department, and acting within the course and scope of their employment with

17 the CITY, intentionally battered the minor multiple times, **and put her young life in**

18 **danger**, by using unreasonable and excessive force against her.  At the time of the

19 brutal attack Minor was standing and talking in an attempt to comply with the

20 requests of Defendants Delgadillo and Zamora.  She was not attempting to run or

21 fight— to the contrary, she was trying to get a bystander to call a relative as the

22 officer had directed.

23      46.    As a result of the actions of the Defendant Officers, the MINOR

24 suffered severe pain and suffering.  Defendant Officers had no legal justification for

25 using force against the Minor, and their use of force while carrying out their duties

26 as officers for the CITY was an unreasonable and non-privileged use of force.

27      47.    As a result of their misconduct, Defendant Officers are liable for the

28 Minor's injuries, either because they were integral participants, or because they

17

1  failed to intervene to prevent these violations.

2      48.   As a direct and proximate result of the conduct of Defendant Officers
3  as alleged above, the MINOR sustained injuries, and endured pain and suffering.

4      49.   The CITY and COUNTY are vicariously liable for the wrongful acts of
5  Defendants pursuant to section 815.2(a) of the California Government Code, which
6  provides that a public entity is liable for the injuries caused by its employees within
7  the scope of the employment if the employee's act would subject him or her to
8  liability.

9      50.   The conduct of the Defendant Officers was malicious, wanton,
10  oppressive, and accomplished with a conscious disregard for the rights of the Minor,
11  entitling her, to an award of exemplary and punitive damages.

12

13
14                      **FIFTH CLAIM FOR RELIEF**
                              **Negligence**
15          **(Cal. Govt. Code § 820 and California Common Law)**

16      51.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1
17  through 50 of this Complaint with the same force and effect as if fully set forth
18  herein. Defendants had a duty to care for and protect the Minor from harm.

19      52.   The actions and inactions of the Defendants, were negligent and
20  reckless, including but not limited to:

21      (a) the failure to properly and adequately assess the need to detain, arrest, and
22  use force, potentially deadly force;

23      (b) the negligent tactics and handling of the situation,

24      (c) the negligent detention, arrest, and use of force;

25      (d) the failure to provide prompt medical care;

26      (e) the negligent handling of evidence and witnesses.

27      53.   Specifically, Chief KLING and unknown supervisors at the RIALTO
28  Police Department had a duty to instruct and institute policies and procedures

[FIRST AMENDED]   "S.A.J." COMPLAINT FOR DAMAGES                    18

1 prohibiting the technique of placing a knee on the chest of Minors, choking Minors
2 and throat strikes on Minors.

3     54.   Responsible supervisors, and the Chief failed to discipline officers
4 found to be in violation of using excessive force and therefore emboldening them to
5 use excessive force again in the future. Chief KLING and unknown responsible
6 supervisors failed to train, discipline or fire RIALTO Police officers for excessive
7 force.

8     55.   As a direct and proximate result of defendants' conduct as alleged
9 above, and other undiscovered negligent conduct, MINOR was caused to suffer
10 severe pain and suffering. Also as a direct and proximate result of defendants'
11 conduct as alleged above, Plaintiff suffered extreme and severe mental anguish and
12 pain and has been injured in mind and body.

13     56.   The CITY and COUNTY are vicariously liable for the wrongful acts of
14 the Officer Defendants pursuant to section 815.2 of the California Government
15 Code, which provides that a public entity is liable for the injuries caused by its
16 employees within the scope of the employment if the employee's act would subject
17 him or her to liability.

18     57.   Plaintiff is seeking damages for any and all current and future, medical,
19 physical impairment, pain and suffering.

20

21

22 **SIXTH CAUSE OF ACTION**

(Violation of the *BANE* Act Cal. Civil Code § 52.1)
23 ( Plaintiff against all Defendants)

24   58. Plaintiff restates and re-alleges each and every allegation in paragraphs
25 1 through 57 of this Complaint with the same force and effect as if fully set forth
26 herein.

27     59.   California Civil Code, Section 52.1 (the *Bane* Act), prohibits any
28 person from using violent acts or threatening to commit violent acts in retaliation

1 || against another person for exercising that person's constitutional rights.

2        60.      On information and belief, Defendant Officers and DOE OFFICERS,
3 || inclusive, while working for the CITY and COUNTY and acting within the course
4 || and scope of their duties, intentionally committed and attempted to commit acts of
5 || violence against Minor.

6        61.      Additionally, the MINOR had a constitutional right to scream out and
7 || exercise her First Amendment right to protest the excessive use of force on her
8 || person. In fact, the Minor had a right to use force, including biting, to defend
9 || herself against the illegal use of force by DEFENDANT DELGADILLO who
10 || unnecessarily and unjustifiably threw her to the ground, placed a knee on her throat
11 || causing her to choke, and say, "I can't breathe". As the Minor cried out and
12 || struggled to breathe, the Defendant choked her by placing his hands directly around
13 || her neck and SQUEEZING. Even more outrageous, and shocking to the conscience,
14 || this Defendant punched the Minor directly in throat AFTER she was handcuffed and
15 || in the patrol unit! Defendant Officers then conspired with COUNTY employees /
16 || Doe Defendants 5-10 to keep her jailed for four days.

17        62.      Also, when the Defendant Officers, choked struck and put a knee on
18 || the Minor's neck, they interfered with her civil rights to be free from unreasonable
19 || searches and seizures, to due process, to equal protection of the laws, and to be free
20 || from state actions that shock the conscience, and to life, liberty, and property.

21        63.      On information and belief, MINOR reasonably believed and
22 || understood that the violent acts committed by Defendants, inclusive were intended
23 || to discourage her from exercising her First and Fourth Amendment rights (when
24 || Defendant Delgadillo brutally threw her to the ground, choked and struck her after
25 || she was handcuffed), to retaliate against her for invoking such rights, or to prevent
26 || her from exercising such rights.

27        64.      Defendants thus successfully interfered with the above civil rights of
28 || the MINOR.

1  67.   The conduct of Defendants was a substantial factor in causing
2  Plaintiffs' harms, losses, injuries, and damages.

3  68.   The CITY and COUNTY are vicariously liable for the wrongful acts of
4  Defendants and DOE OFFICERS, inclusive, pursuant to section 815.2(a) of the
5  California Government Code, which provides that a public entity is liable for the
6  injuries caused by its employees within the scope of the employment if the
7  employee's act would subject him or her to liability.

8  69.   The conduct of Defendants was malicious, wanton, oppressive, and
9  accomplished with a conscious disregard for Plaintiff's rights, justifying an award of
10  exemplary and punitive damages as to the individual responding Defendants and
11  DOE OFFICERS.

12  70.   Plaintiff also seeks attorney's fees per CA Civ. Code Section 52.1 (h).

13

14  **SEVENTH CAUSE OF ACTION**
   **"TORTS-IN-ESSENCE"**
15  **(Against Individual Defendant OFFICERS excluding KLING)**

16  71.   Plaintiff restates and incorporates by reference, as though fully set forth
17  herein, the allegations contained in all paragraphs above. Pursuant to CA Gov. Code
18  Section 815.6, which creates a private right of action for the alleged breaches of the
19  various penal code sections listed in this Complaint, the officer Defendants and each
20  of them, owed to Plaintiff non-consensual duties, and Plaintiff hereby sets forth that
21  the individual Officer Defendants violated the following California Penal Code
22  Sections: 664/187 (**Attempt/Murder**), 149 (felonious excessive force by a peace
23  officer), Child Endangerment  273a, 240 (assault), and 242 (battery,)118.1 False police
24  report.

25

26  ///
27  ///

28

1    WHEREFORE, Plaintiff prays, and requests entry of judgment in his favor

2  and against Defendants, as follows:

3        1.    For compensatory damages under federal and state law, in the amount

4        to be proven at trial;

5        2.    For punitive damages against the individual defendants in an amount

6        to be proven at trial;

7        3.    For interest;

8        4.    For reasonable costs of this suit and attorneys' fees; and

9        5.    For such further other relief as the Court may deem just, proper, and

10  appropriate.

11

12  DATED: 7/20/22                    LAW OFFICES OF CAREE HARPER

13

14

15                                    Attorneys for PLAINTIFF

16

17

18                    **DEMAND FOR JURY TRIAL**

19  All Plaintiffs demand a jury trial.

20

21                                    LAW OFFICES OF CAREE HARPER

22

23

24

25                                    Attorneys for PLAINTIFFS

26

27

28