Nathan A. Oyster (SBN 225307)
E-mail: noyster@bwslaw.com
Caylin W. Jones (SBN 327829)
E-mail: cjones@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Tel: 213.236.0600    Fax: 213.236.2700

Attorneys for Defendants,
CITY OF RIALTO, OFFICER ZAMORA, AND
CHIEF MARK KLING

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| "S.A.J.", a Minor, by and through Guardian as Litem LAWRENCE TODD,<br><br>Plaintiff,<br><br>v.<br><br>RIALTO POLICE PFFOICER IVAN DELGADILLO, OFFICER ZAMORA, CITY OF RIALTO, & CHIEF MARK KLING, & COUNTY OF SAN BERNARDINO individually and in their official capacities and Does 1-10, inclusive,<br><br>Defendants. | Case No. 22-CV-00767-SP<br><br>**DEFENDANTS CITY OF RIALTO, OFFICER ZAMORA, AND CHIEF MARK KLING'S ANSWER TO THE FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL** |

COMES NOW DEFENDANTS CITY OF RIALTO, OFFICER ZAMORA, and CHIEF MARK KLING (herein after referred to as "the Rialto Defendants") and answer the First Amended Complaint for Damages (hereinafter "the Complaint") of Plaintiff S.A.J. (hereinafter "Plaintiff") for themselves and for no other parties, admit, deny, and allege as follows:

**INTRODUCTION AND GENERAL ALLEGATIONS**

1. In answering paragraph 1 of the First Amended Complaint, the Rialto Defendants deny that the Plaintiff's civil rights were violated. To the extent any

statement of law is made therein, these answering Defendants assert the law speaks for itself.

2. In answering paragraph 2 of the First Amended Complaint, the Rialto Defendants admit that Plaintiff is a minor female. The Rialto Defendants lack sufficient information to respond to the remainder of the allegations of the paragraph and therefore deny any and all allegations.

3. In answering paragraph 3 of the First Amended Complaint, the Rialto Defendants admit that Officer Ivan Delgadillo was a peace officer with the Rialto Police Department at all times relevant to the Complaint. The Rialto Defendants lack sufficient information to respond to the remainder of the allegations of the paragraph and therefore deny any and all allegations.

4. In answering paragraph 4 of the First Amended Complaint, the Rialto Defendants admit that Officer Zamora was a peace officer with the Rialto Police Department at all times relevant to the Complaint. The Rialto Defendants deny all remaining allegations.

5. In answering paragraph 5 of the First Amended Complaint, the Rialto Defendants admit that Chief Mark Kling was a sworn police officer at the Rialto Police Department. The Rialto Defendants lack sufficient information to respond to the remainder of the allegations of the paragraph and therefore deny any and all allegations.

6. In answering paragraph 6 of the First Amended Complaint, the Rialto Defendants admit that the City of Rialto is a California public entity. The Rialto Defendants further admit that the Rialto Police Department is a department within the City of Rialto. The Rialto Defendants lack sufficient information to respond to the remainder of the allegations of the paragraph and therefore deny any and all allegations.

7. In answering paragraph 13 of the First Amended Complaint, the Rialto Defendants admit that Plaintiff submitted a Government Claim. The Rialto

Defendants lack sufficient information to respond to the remainder of the allegations of the paragraph and therefore deny any and all allegations.

8. In answering paragraph 14 of the First Amended Complaint the Rialto Defendants admit that jurisdiction is properly vested in this Court due to the pending Section 1983 claims and that this Court has jurisdiction over Plaintiff's state law claims, due to the pending Section 1983 claims.

9. In answering paragraph 15 of the First Amended Complaint the Rialto Defendants admit venue is proper in the Central District of California.

10. In answering paragraphs 7, 8, 9, 10, 11, and 12 of the First Amended Complaint, the Rialto Defendants lack sufficient information to respond to the allegations of the paragraphs and therefore deny any and all allegations.

11. In answering paragraph 16 of the First Amended Complaint the Rialto Defendants admit that this incident occurred in the City of Rialto on February 11, 2022 around 4:00 p.m. at the intersection of Linden and Pinedale. The Rialto Defendants lack sufficient information to respond to the remainder of the allegations of the paragraph and therefore deny any and all allegations.

12. In answering paragraphs 17, 18, 19, 21, 22, 23, 24, 25, 26, 28, 29, 30, 31, 33[1], 34, 35, 36, 37, 38, 40, 41, 42, 43, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57,  59, 60, 61, 62, 63, 64, 67[2], 68, 69, 70, 71 and the prayer for relief of the First Amended Complaint, the Rialto Defendants deny any and all allegations of the respective paragraphs.

13. In answering paragraph 20, 27, 39, 44, 51, 58, and 71 of the First Amended Complaint, the Rialto Defendants hereby incorporate their admissions and denials to the First Amended Complaint.

---

[1] Defendants note that Plaintiff erroneously skipped paragraph 32 and the Defendants adopt the Plaintiff's numbering as is stated in the First Amended Complaint, albeit non-sequential.
[2] Defendants note that Plaintiff erroneously skipped paragraphs 65 and 66, the Defendants adopt the Plaintiff's numbering as is stated in the First Amended Complaint, albeit non-sequential.

## AFFIRMATIVE DEFENSES

AS SEPARATE AND AFFIRMATIVE DEFENSES, the Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE

14. The First Amended Complaint fails to state a claim upon which relief can be granted. The First Amended Complaint also fails to state a claim for relief against the Defendants.

### SECOND AFFIRMATIVE DEFENSE

15. The Rialto Defendants deny that Plaintiff has been deprived of any rights, privileges, or immunities guaranteed by the laws of the United States or by the laws of the State of California.

### THIRD AFFIRMATIVE DEFENSE

16. At all relevant times, the Rialto Defendants acted within the scope of discretion, with due care, and good faith fulfillment of responsibilities pursuant to applicable statutes, rules and regulations, within the bounds of reason under the circumstances, and with the good faith belief that its actions comported with all applicable laws. The Rialto Defendants therefore assert its qualified immunity from liability.

### FOURTH AFFIRMATIVE DEFENSE

17. Plaintiff has suffered no actual injury due to the Rialto Defendants' conduct.

### FIFTH AFFIRMATIVE DEFENSE

18. The Rialto Defendants deny that they violated Plaintiff's Fourth or Fourteenth Amendment rights, or any other state, federal, constitutional, or other rights.

### SIXTH AFFIRMATIVE DEFENSE

19. Plaintiff's own conduct estops Plaintiff from claiming the damages alleged in the First Amended Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

20. At all relevant times, each Rialto Defendant acted independently and not in association or concert with or as agent or servant of any other Defendant, including any sued herein under fictitious names, or of the employees or agents of other Defendants.

**EIGTH AFFIRMATIVE DEFENSE**

21. Plaintiff's claims are barred by all applicable statutes of limitations.

**NINTH AFFIRMATIVE DEFENSE**

22. The Defendants are immune to suit for damages in their official capacities pursuant to the Eleventh Amendment of the U.S. Constitution.

**TENTH AFFIRMATIVE DEFENSE**

23. Plaintiff is not entitled to punitive damages because the Rialto Defendants did not act with malicious intent to deprive Plaintiff of any constitutional right or to cause any injury. Punitive damages are not recoverable for the claims set forth.

**ELEVENTH AFFIMATIVE DEFENSE**

24. Should Plaintiff recover damages against the Rialto Defendants, the Defendants are entitled to have the amount abated, apportioned or reduced to the extent that any other party's negligence caused or contributed to damages (including Plaintiff).

**TWELFTH AFFIRMATIVE DEFENSE**

25. The Rialto Defendants are immune from liability by the application of one or more of the immunities set forth in the California Government Code, including the immunities set forth in §§ 815.2, 818, 818.2, 818.8, 820, 820.2, 820.4, 820.6, 820.8, 821.6, 821.8, 822.2, 844, 845.6, and 845.8.

**THIRTEENTH AFFIRMATIVE DEFENSE**

26. The individual Rialto Defendants are entitled to qualified immunity.

## FOURTEENTH AFFIRMATIVE DEFENSE

27. The damages, if any, should be in direct proportion to the fault of the Rialto Defendants, if any, as provided by California Civil Code sections 1431 to 1431.5.

## FIFTEENTH AFFIRMATIVE DEFENSE

28. To the extent that the injuries and damages alleged by Plaintiff, if any, were proximately caused by the negligence, conduct, and liability of other persons or entities, the Rialto Defendants request that an allocation of such negligence, conduct, and liability be made among such other persons or entities, and that, if any liability is found on the part of the Defendants, judgment against the Rialto Defendants be only in an amount which is proportionate to the extent and percentage by which the Rialto Defendants' acts or omissions contributed to Plaintiff's injuries or damages, if at all.

## SIXTEENTH AFFIRMATIVE DEFENSE

29. At the time and place of the alleged incident and for some time before then, the risks and dangers of the incident (assuming said risks and dangers existed) were fully known to and appreciated by Plaintiff, and Plaintiff thereby voluntarily assumed any and all risks and dangers, including the risk and danger of the alleged incident complained of in Plaintiff's First Amended Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

30. The negligence of a third-party or parties was a superseding, intervening cause of Plaintiff's injuries.

## EIGHTEENTH AFFIRMATIVE DEFENSE

31. Any injury or damages suffered by Plaintiff was caused solely by reason of Plaintiff's wrongful acts and conduct, and not by reason of any unlawful acts or omissions of the Rialto Defendants.

## NINETEENTH AFFIRMATIVE DEFENSE

32. Plaintiff's claims are barred by the doctrine of unclean hands.

### TWENTIETH AFFIRMATIVE DEFENSE

33. Plaintiff's claims are barred by the doctrine of laches.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

34. Plaintiff has failed to join necessary and/or indispensable parties.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

35. Any recovery on the Plaintiff's First Amended Complaint, or any purported claim or cause of action alleged therein, is barred in whole or in part by the Plaintiff's failure to mitigate her damages.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

36. At the time of the incident that gives rise to this lawsuit, the Plaintiff was on parole and/or probation and, thus, subject to search and seizure without probable cause or reasonable suspicion.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

37. Probable cause existed to arrest the Plaintiff.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

38. Reasonable suspicion existed to detain the Plaintiff.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

39. Any recovery on the plaintiff's Complaint, or any purported claim or cause of action alleged therein, is barred in whole or in part by the plaintiff's own conduct which violated numerous provisions of the California Penal Code and, as such, was negligent per se.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

40. To the extent the First Amended Complaint seeks compensation for any state tort claims, those claims are barred in that the Plaintiff has failed to properly comply with the provisions of the California Tort Claims Act in the filing of an appropriate claim with a public entity prior to the initiation of the lawsuit, pursuant to the provisions of Government Code sections 900, 901, 910 and 911.2; furthermore, the tort claim submitted does not authorize the various state torts set

forth in the Plaintiff's First Amended Complaint.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

41.  Defendant City of Rialto is immune from Plaintiff's claims under California law, pursuant to California Government Code § 844.6(a)(1-2).

## TWENTH-NINTH AFFIRMATIVE DEFENSE

42.  Because the Complaint is couched in conclusory terms, the Rialto Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

Dated:  August 11, 2022            BURKE, WILLIAMS & SORENSEN, LLP


By: */s/ Caylin W. Jones*
       Nathan A. Oyster
       Caylin W. Jones
Attorneys for Defendants
CITY OF RIALTO, OFFICER ZAMORA, AND CHIEF MARK KLING

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4861-0905-7581 v2

- 8 -

22-CV-00767-SP
ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL

# **DEMAND FOR JURY TRIAL**

Defendants CITY OF RIALTO, OFFICER ZAMORA and CHIEF MARK KLING demand a trial before a jury on all issues presented by Plaintiff's Complaint triable to a jury.

WHEREFORE, Defendants CITY OF RIALTO, OFFICER ZAMORA and CHIEF MARK KLING pray that:

1. Judgment be rendered in favor of Defendants CITY OF RIALTO, OFFICER ZAMORA and CHIEF MARK KLING and against Plaintiff S.A. J.;

2. Plaintiff S.A.J. take nothing by this action;

3. Defendants CITY OF RIALTO, OFFICER ZAMORA and CHIEF MARK KLING be awarded costs of suit incurred herein; and

4. Defendants CITY OF RIALTO, OFFICER ZAMORA and CHIEF MARK KLING be awarded such other and further relief as the Court may deem necessary and proper.

Dated: August 11, 2022              BURKE, WILLIAMS & SORENSEN, LLP

By: */s/ Caylin W. Jones*
　　　Nathan A. Oyster
　　　Caylin W. Jones
Attorneys for Defendants
CITY OF RIALTO, OFFICER ZAMORA
AND CHIEF MARK KLING