LEA PATRICIA L. FRANCISCO, Bar No. 276812
Deputy County Counsel
TOM BUNTON, Bar No. 193560
County Counsel
385 North Arrowhead Avenue, Fourth Floor
San Bernardino, California 92415-0140
Telephone: (909) 387-5460
Facsimile: (909) 387-4069
E-Mail: lea.francisco@cc.sbcounty.gov

Attorneys for Defendant San Bernardino County (erroneously named County of San Bernardino)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.A.J., a Minor by and through Guardian ad Litem, LAURENCE TODD,<br><br>Plaintiff,<br><br>vs.<br><br>RIALTO POLICE OFFICER IVAN DELGADILLO, OFFICER ZAMORA, CITY OF RIALTO & CHIEF MARK KLING & COUNTY OF SAN BERNARDINO, individually and in their official capacities and Does 1-10, inclusive,<br><br>Defendants. | Case No. 5:22-cv-00767-SSS-SHK<br><br>**DEFENDANT SAN BERNARDINO COUNTY'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS (FED. R. CIV. P. 12(C)); DECLARATION OF LEA PATRICIA L. FRANCISCO**<br><br>Date: November 18, 2022<br>Time: 2:00 p.m.<br>CTRM: 2<br><br>Assigned to:<br>Honorable Sunshine Suzanne Sykes<br>United States District Judge<br><br>Referred to:<br>Honorable Shashi H. Kewalramani<br>United States Magistrate Judge |

PLEASE TAKE NOTICE that on November 18, 2022, at 2:00 p.m. before the Honorable Sunshine Suzanne Sykes, at 3470 Twelfth Street, Riverside, California 92501-

SAN BERNARDINO COUNTY'S MOTION FOR JUDGMENT ON THE PLEADINGS

3801, Courtroom 2, 2nd Floor, Defendant SAN BERNARDINO COUNTY (erroneously sued and served as COUNTY OF SAN BERNARDINO and hereinafter referred to as "County") will and hereby does move this court for judgment on the pleadings and dismissal of Plaintiff S.A.J.'s (hereinafter "Plaintiff"), a Minor by and through Guardian ad Litem, LAURENCE TODD, First Amended Complaint for Damages (hereinafter "FAC") on file herein pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

This motion is made following the conference of counsel pursuant to C.D.C.A. Local Rule 7-3, which occurred on September 7 and 12, 2022, via phone and correspondence between counsel for Defendant and counsel for Plaintiff Caree Harper wherein defense counsel set forth the basis for County's Motion along with relevant legal authority.    To date, however, Plaintiff's counsel has not agreed to dismiss the claims/action against County.  As a result, Defendant now brings this matter before the Court to be ruled upon.

This Motion is made on the grounds that, based on the allegations of the FAC, no claim exists against County. This Motion is made and based upon the FAC, the Court file, the State, the Memorandum Points and Authorities submitted herewith, the accompanying declaration of Lea Patricia L. Francisco, and the hearing on this matter, and any matters upon which the Court may take judicial notice.

Respectfully submitted,

Dated:  October 7, 2022                TOM BUNTON
                                       County Counsel

                            By:
                               /s/ Lea Patricia L. Francisco
                               LEA PATRICIA L. FRANCISCO
                               Deputy County Counsel
                               Attorneys for Defendant San Bernardino County

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

This lawsuit arises from the Rialto Police Department's (hereinafter "Rialto PD") encounter and arrest of 16-year-old Plaintiff S.A.J. (hereinafter "Plaintiff"). She has brought this action against Defendants CITY OF RIALTO, IVAN DELGADILLO, OFFICER ZAMORA, MARK KLING (hereinafter collectively referred to as "City Defendants") and County.

The FAC asserts the following: (1) Excessive Force (Per 42 U.S.C. section 1983) (against "all officer defendants"); (2) *Monell* Allegations (Per 42 U.S.C. section 1983) (against Kling, Does 1-10, the City, and the County; (3) Conspiracy (Per 42 U.SC. section 1985) (unclear against whom, but presumably against all defendants); (4) Battery (against "officer defendants", the City, and the County); (5) Negligence (unclear against whom, but presumably against all defendants); (6) Bane Civil Rights Act (against all defendants); and (7) Torts-in-Essence (against "all defendant officers except Kling").

### II.

### STATEMENT OF FACTUAL ALLEGATIONS

On February 11, 2022 around 4:00 p.m. while operating a homemade mini bike in her neighborhood near Linden and Pinedale in Rialto, California, Defendants Rialto PD Officers Ivan Delgadillo and Anthony Zamora initiated a traffic stop. (FAC ¶¶ 2, 16.) Defendant Delgadillo asserted that Plaintiff was travelling 40 MPH. (FAC ¶ 16.) Defendants Delgadillo and Zamora questioned Plaintiff about her identity and where she lived. (*Id*.) Plaintiff stated that she did not know her address, but gestured as to where she lived. (*Id*.) Defendant Delgadillo told her to stop being a "smart ass" and "be respectful" or they will "just put [her] in handcuffs and put [her] in the back of the car". (*Id*.) Plaintiff asked bystanders to tell her brother, at which point Defendant Delgadillo

directed Defendant Zamora to "put her in handcuffs and put her in the back of the car she's not communicating". (*Id*.)

Plaintiff reportedly tried to cooperate, telling Defendant Delgadillo that she was communicating and that she lives down the street. (*Id*.)  Plaintiff cried out for someone to get her brother. (*Id*.)  Defendant Delgadillo then asked "do I have to tase you?....stop resisting…" and brought Plaintiff to the ground. (*Id*.)  Defendant Delgadillo repeatedly stated that Plaintiff tried to bite him. (*Id*.)  Plaintiff exclaimed that Defendant Delgadillo hurt her neck and that she could not breathe. (*Id*.)

While Plaintiff brings significant allegations against the City Defendants, the conduct attributed to County are minimal and fail to support any claim against County. Namely, Plaintiff alleges that the City of Rialto wrongfully arrested her and that County "imprisoned the minor for four days without cause". (FAC ¶ 16, p. 11.)

### III.

### LEGAL STANDARD

After the pleadings are closed, a party may move for judgment on the pleadings and dismissal of the complaint pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  A Rule 12(c) motion challenges the legal sufficiency of the opposing party's pleadings. (*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Irish Lesbian & Gay Org. v. Giuliani*, 143 F.3d 638, 644 (2nd Cir. 1998); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, fn 8 (5th Cir. 2002); *Strigliabotti v. Franklin Resources Inc.*, 398 F. Supp. 2d 1094,1097 (N.D. Cal. 2005).)

In reviewing a Rule 12(c) motion, the court accepts all material allegations in the complaint as true and construes them in the light most favorable to the non-moving party. (*Turner v. Cook*, 362 F.3d 1219, 1225 (9th Cir. 2004).)  However, the court need not accept contentions, deductions or conclusions of fact or law as true. (*Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).) A Rule 12(c) motion may be based on the plaintiff's failure to state a claim upon which relief can be granted. (*McGlinchy v.*

SAN BERNARDINO COUNTY'S MOTION FOR JUDGMENT ON THE PLEADINGS

*Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988).  In ruling on a Rule 12(c) motion, the court determines "whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." (*Cafasso v. Gen. Dynamics C4 Sys., Inc*., 637 F.3d 1047, 1055 (9th Cir. 2011) (internal quotations omitted).) This analysis is "functionally identical" to the standard for deciding a motion to dismiss.  (*Id*.) The "plausibility requirement" requires that the factual allegations "be enough to raise a right to relief above the speculative level". (*Twombly*, *supra*, at 555.)

Here, with respect to the claims against County, the issue is one of law which can be resolved on the pleadings, and consequently, the standards governing Rule 12(c) are applicable.  For the reasons discussed further below, even viewing the facts presented in the FAC and the inferences to be drawn therefrom in the light most favorable to Plaintiff, no plausible claim exists against County. Therefore, County is entitled to judgment as a matter of law.

## IV.

## PLAINTIFF FAILS TO ALLEGE ANY CLAIM FOR RELIEF AGAINST COUNTY

In order to prevail on her Section 1983 claims, Plaintiff must prove that she was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." (*Marsh v. County of San Diego*, 680 F.3d 1148, 1152 (9th Cir. 2012).) A person deprives another of a constitutional right if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which the plaintiff complains.  (*Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

The Tom Bane Civil Rights Act, California Civil Code § 52.1, "protects individuals from conduct aimed at interfering with rights that are secured by federal or state law, where the interference is carried out 'by threats, intimidation or coercion.' " (*Reese v. Cty. of Sacramento*, 888 F.3d 1030, 1040–41 (9th Cir. 2018).)

A public entity cannot be held liable based on vicarious liability for the alleged wrongdoings of its employees for causes of action brought pursuant to 42 U.S.C. § 1983. (*Monell v. Department of Social Services*, 436 U.S. 658, 690-691 (1978); *see also, City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (holding that it is only when the execution of the government's policy or custom inflicts the injury that the municipality may be held liable under § 1983).) Indeed, "That a Plaintiff has suffered a deprivation of federal rights at the hands of a municipal employee will not alone permit an inference of municipal culpability and causation; the Plaintiff will simply have shown that the employee acted culpably." (*Board of County Commissioners v. Brown*, 520 U.S. 397, 406 (1997).) Moreover, "an isolated incident caused by simple negligence" does not give rise to liability under §1983. (*Erdman v. Cochise County*, 926 F. 2d 877, 882 (9th Cir.1991).)

Here, County had nothing to do with the traffic stop or arrest. Plaintiff is essentially alleging a County employee negligently kept her in custody. "[A] negligent act by a state official does not give rise to § 1983 liability." (*Zinermon v. Burch*, 494 U.S. 113, 129 n. 14 (1990).) This is because "injuries inflicted by governmental negligence are not addressed by the United States Constitution." (*Daniels v. Williams*, 474 U.S. 327, 333 (1986).) Section 1983 is intended to only impose "liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." (*Baker v. McCollan*, 443 U.S. 137, 146 (1979).)

To the extent the allegations are actually intended to capture the prosecution, the County's prosecutors are immune. (*See Milstein v. Cooley*, 257 F.3d 1004, 1007 (9th Cir. 2001).) Prosecutorial immunity applies "even if it leaves the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty." (*Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) (internal quotations omitted).) The immunity also applies regardless of the prosecutor's intent and to actions that involve malice, bad faith, or conspiracy. (*Id.*) It also is not limited to the act of initiating the prosecution or conduct occurring in the

SAN BERNARDINO COUNTY'S MOTION FOR JUDGMENT ON THE PLEADINGS

courtroom. (*Ismail v. Cty. of Orange*, 917 F. Supp. 2d 1060, 1067–1069 (C.D. Cal. 2012) citing *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993).) Instead, the immunity extends to the "prosecutor's pre-litigation acts pertaining to the defendant's prosecution." (*Id.*, citing *Burns v. Reed*, 500 U.S. 478 (1991).) The *Ashelman* opinion specifically applied the immunity to a failure or refusal to adequately investigate accusations.

Moreover, a conspiracy claim under Section 1985 cannot survive without a viable Section 1983 claim. (*Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 930 (9th Cir. 2004).) To the extent a court finds a viable Section 1983 claim exists against a County Doe defendant, the Section 1985 claim also fails to allege a conspiracy with the required specificity. "Section 1985 proscribes conspiracies to interfere with certain civil rights. A claim under this section must allege facts supporting the allegation that defendants conspired together. A mere allegation of conspiracy without factual specificity is insufficient." (Citations omitted). (*Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 629 (9th Cir. 1988); *see also Mustafa v. Clark Cty. Sch. Dist.,* 157 F.3d 1169, 1181 (9th Cir. 1998).) Conspiracy allegations must include overt acts in furtherance of the conspiracy that caused the injury. (*Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992); *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1039 (9th Cir. 1990).) Specific facts must be included. (*Karim-Panahi*, 839 F.2d at 626; *Sanchez*, 936 F.2d at 1039.)

Here, County allegedly simply took custody of Plaintiff pursuant to representations by Defendants Delgadillo and Zamora. There are no allegations supporting the notion that a County employee had any reason to believe that the Rialto Officers were lying or had an obligation to investigate their representations. There are also no allegations demonstrating that a County employee did anything to further an agreed-upon conspiracy or plan to interfere with Plaintiff's civil rights.

///

///

///

## V.

## CONCLUSION

Based on the foregoing, County respectfully requests this Court to grant this instant Motion and dismiss Plaintiff's entire FAC as to County, with prejudice.

Respectfully submitted,

Dated:  October 7, 2022          TOM BUNTON
                                County Counsel

                    By:
                        /s/ Lea Patricia L. Francisco
                        LEA PATRICIA L. FRANCISCO
                        Deputy County Counsel
                        Attorneys for Defendant San Bernardino County

## <u>DECLARATION OF LEA PATRICIA L. FRANCISCO</u>

I, LEA PATRICIA L. FRANCISCO, hereby declare:

1. I am an attorney at law licensed to practice before the United States District Court, Central District of California. I am Deputy County Counsel at the Office of County Counsel for Defendant San Bernardino County (hereinafter "County"). I am familiar with and have personal knowledge concerning the matters set forth herein, and if called to testify, I would competently testify to the following:

2. On September 7, 2022, I spoke to Plaintiff's counsel Caree Harper to meet and confer on the grounds for this instant Motion. Ms. Harper disagreed with County's position, but in any event, directed me to send her a letter for consideration. On or around September 12, 2022, I caused a letter to be sent to Ms. Harper to discuss this instant Motion. Attached hereto as Exhibit A is a true and correct copy of my September 12, 2022 correspondence to Ms. Harper. To date, however, Plaintiff's counsel has not agreed to dismiss the claims/action against County.

I declare under penalty of perjury that the foregoing is true and correct and if called upon, would competently testify thereto. Executed this 7th day of October, at San Bernardino, California

/s/ Lea Patricia L. Francisco

LEA PATRICIA L. FRANCISCO
Declarant

**EXHIBIT "A"**

385 N. Arrowhead Avenue, 4th Floor, San Bernardino, CA  92415-0140  |  Phone: 909.387.5455  Fax: 909.387.5462

www.SBCounty.gov



**COUNTY COUNSEL**

**Tom Bunton**
County Counsel

**LEA PATRICIA L. FRANCISCO**
Deputy County Counsel
Direct dial (909) 387-5460
Email lea.francisco@cc.sbcounty.org

September 12, 2022

Caree Harper, Esq.
Law Offices of Caree Harper
100 Wilshire Blvd., Suite 700
Santa Monica, CA 90401

RE:    **S.A.J. v. Rialto Police Officer Ivan Delgadillo, et al.**
         Claim:  140918; Case No.:  5:22-cv-00767-SP; Client/Matter:  0288.01506

Dear Ms. Harper:

As discussed in our email correspondence and phone call on September 7, 2022, I would like to meet and confer regarding San Bernardino County's (hereinafter "the County") Rule 12(c) motion.

Plaintiff alleges that the City of Rialto wrongfully arrested her and that the County "imprisoned the minor for four days without cause….City and County conspired to deprive her of her due process rights to equal protection and to be free from cruel and unusual punishment".  However, Plaintiff has not alleged sufficient facts against the County.

In order to prevail on her Section 1983 claims, Plaintiff must prove that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." (*Marsh v. County of San Diego*, 680 F.3d 1148, 1152 (9th Cir. 2012).) A person deprives another of a constitutional right if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which the plaintiff complains.  (*Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

The Tom Bane Civil Rights Act, California Civil Code § 52.1, "protects individuals from conduct aimed at interfering with rights that are secured by federal or state law, where the interference is carried out 'by threats, intimidation or coercion.' " (*Reese v. Cty. of Sacramento*, 888 F.3d 1030, 1040–41 (9th Cir. 2018).)

A public entity cannot be held liable based on vicarious liability for the alleged wrongdoings of its employees for causes of action brought pursuant to 42 U.S.C. § 1983. (*Monell v. Department of Social Services*, 436 U.S. 658, 690-691 (1978); *see also, City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (holding that it is only when the execution of the government's policy or custom inflicts the injury that the municipality may be held liable under § 1983).) Indeed, "That a Plaintiff

**BOARD OF SUPERVISORS**

**COL. PAUL COOK (RET.)**
First District

**JANICE RUTHERFORD**
Second District

**DAWN ROWE**
Vice Chair, Third District

**CURT HAGMAN**
Chairman, Fourth District

**JOE BACA, JR.**
Fifth District

**Leonard X. Hernandez**
Chief Executive Officer

Caree Harper, Esq.
Re: SAJ v. Rialto, et al.
September 12, 2022
PAGE **2** of **3**

has suffered a deprivation of federal rights at the hands of a municipal employee will not alone permit an inference of municipal culpability and causation; the Plaintiff will simply have shown that the employee acted culpably." (*Board of County Commissioners v. Brown*, 520 US 397, 406 (1997).) Moreover, "an isolated incident caused by simple negligence" does not give rise to liability under §1983. (*Erdman v. Cochise County*, 926 F.2d 877, 882 (9th Cir.1991).)

Here, the County had nothing to do with the traffic stop or arrest. Plaintiff is essentially alleging a County employee negligently kept her in custody. "[A] negligent act by a state official does not give rise to § 1983 liability." (*Zinermon v. Burch*, 494 U.S. 113, 129 n. 14 (1990).) This is because "injuries inflicted by governmental negligence are not addressed by the United States Constitution." (*Daniels v. Williams*, 474 U.S. 327, 333 (1986).) Section 1983 is intended to only impose "liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." (*Baker v. McCollan*, 443 U.S. 137, 146 (1979).)

To the extent the allegations are actually intended to capture the prosecution, the County's prosecutors are immune. (*See Milstein v. Cooley*, 257 F.3d 1004, 1007 (9th Cir. 2001).) Prosecutorial immunity applies "even if it leaves the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty." (*Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) (internal quotations omitted).) The immunity also applies regardless of the prosecutor's intent and to actions that involve malice, bad faith, or conspiracy. (*Id.*) It also is not limited to the act of initiating the prosecution or conduct occurring in the courtroom. (*Ismail v. Cty. of Orange*, 917 F. Supp. 2d 1060, 1067–1069 (C.D. Cal. 2012) *citing Buckley v. Fitzsimmons*, 509 U.S. 259 (1993).) Instead, the immunity extends to the "prosecutor's pre-litigation acts pertaining to the defendant's prosecution." (*Id., citing Burns v. Reed*, 500 U.S. 478 (1991).) The *Ashelman* opinion specifically applied the immunity to a failure or refusal to adequately investigate accusations.

Moreover, a conspiracy claim under Section 1985 cannot survive without a viable Section 1983 claim. (*Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 930 (9th Cir. 2004).) To the extent a court finds a viable Section 1983 claim exists against a County Doe defendant, the Section 1985 claim also fails to allege a conspiracy with the required specificity. "Section 1985 proscribes conspiracies to interfere with certain civil rights. A claim under this section must allege facts supporting the allegation that defendants conspired together. A mere allegation of conspiracy without factual specificity is insufficient." (Citations omitted). (*Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 629 (9th Cir. 1988); *see also Mustafa v. Clark Cty. Sch. Dist.*, 157 F.3d 1169, 1181 (9th Cir. 1998).) Conspiracy allegations must include overt acts in furtherance of the conspiracy that caused the injury. (*Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992); *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1039 (9th Cir. 1990).) Specific facts must be included. (*Karim-Panahi*, 839 F.2d at 626; *Sanchez*, 936 F.2d at 1039.)

Here, the County allegedly simply took custody of Plaintiff pursuant to representations by Delgadillo and Zamora. There are no allegations supporting the notion that a County employee had any reason to believe that the Rialto Officers were lying or had an obligation to investigate their representations. There are also no allegations demonstrating that a County employee did anything to further an agreed-upon conspiracy or plan to interfere with Plaintiff's civil rights.

Based on the foregoing, please confirm whether you will dismiss your FAC against County. Otherwise, upon your review of the foregoing, please provide me with any authority to the

Caree Harper, Esq.
Re: SAJ v. Rialto, et al.
September 12, 2022
PAGE **3** of **3**

contrary.   Should you wish to discuss further telephonically, please provide me with your availability.

Thank you for your prompt attention to this matter.  I hope to resolve this matter without the need of a motion.  I look forward to hearing from you.

Very Truly Yours,

TOM BUNTON
County Counsel

LEA PATRICIA L. FRANCISCO
Deputy County Counsel

LLF:nlb