UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:22-cv-00767-SSS-SHKx | Date | November 17, 2022 |
|---|---|---|---|
| Title | S.A.J., et al. v. Ivan Delgadillo, et al. | | |

Present: The Honorable    SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    ORDER GRANTING DEFENDANT COUNTY OF SAN BERNADINO'S MOTION FOR JUDGMENT ON THE PLEADINGS [DKT. 30]**

Before the Court is Defendant County of San Bernadino's ("County") Motion for Judgment on the Pleadings ("Motion") pursuant to Federal Rule of Civil Procedure 12(c). [Dkt. 30]. As of the date of this Order, Plaintiff S.A.J. has not filed an opposition to the County's Motion ("Opposition"). For the following reasons the Court **GRANTS** the County's Motion.

## I.    BACKGROUND

On July 20, 2022, Plaintiff S.A.J. filed her First Amended Complaint ("FAC") against Defendants Officer Ivan Delgadillo, Officer Zamora, Police Chief Mark Kling, and the County of San Bernadino. [Dkt. 11]. S.A.J. alleges seven causes of action: (1) excessive force pursuant 42 U.S.C. § 1983; (2) municipal liability for unconstitutional custom or policy pursuant to 42 U.S.C. § 1983; (3) conspiracy pursuant to 42 U.S.C. § 1985, (4) battery pursuant to Cal. Gov. Code § 820; (5) negligence pursuant to Cal. Gov. Code § 820, (6) the Bane Civil Rights Act pursuant Cal. Civ. Code § 52.1; and (7) Torts-in-essence. [Dkt. 11]. The FAC indicates that only the second, third, fourth, fifth, and sixth causes of action apply

to the County.  [Dkt. 11 at 13–21].  On August 24, 2022, the County filed its Answer to the FAC.  [Dkt. 21].  The County then filed this Motion on October 7, 2022.  [Dkt. 30].

## II.  LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  Rule 12(c) motions are evaluated in a manner similar to Rule 12(b)(6) motions: "a judgment on the pleadings is appropriate when, even if all the allegations in the complaint are true, the moving party is entitled to judgment as a matter of law."  *Downing v. SBE/Katsuya USA, LLC*, No. 2:21-cv-06058-ODW (KKx), 2022 WL 1016665, at *2 (C.D. Cal. Apr. 5, 2022) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).

For Rule 12(c) purposes, the Court construes the facts in the light most favorable to the nonmoving party.  *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988).  The movant must clearly establish that no material issue of fact remains to be resolved.  *Id.*  If judgment on the pleadings is appropriate, the court has the discretion to grant the non-moving party leave to amend, grant dismissal, or enter a judgment.  *See Lonberg v. City of Riverside*, 300 F.Supp.2d 942, 945 (C.D. Cal. 2004).  Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).  Thus, leave to amend "is properly denied. . .if amendment would be futile."  *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

## III.  DISCUSSION

The County argues S.A.J. fails to state a § 1983 claim and Bane Act claim against the County because the County cannot be held liable for the alleged wrongdoings of the Defendant Officers and S.A.J. fails to allege the County has a custom or policy endorsing the alleged wrongdoing.  [Dkt. 30 at 6].  The County further argues that, absent S.A.J.'s *Monell* claim, S.AJ.'s conspiracy claim fails because she cannot show an overt act by the County.  [Dkt. 30 at 7].  S.A.J. did not file an Opposition responding to the County's arguments.

The Court construes S.A.J.'s failure to file an Opposition as consent to the County's Motion.  *See, e.g. Mary W. v. Saul*, No. ED CV 20-254 JVS (MRW), 2021 WL 149303, at *2 (C.D. Cal. Jan. 7, 2021) (holding that defendant's motion

to dismiss had to be granted because plaintiff failed to file an opposition.).  Parties opposing the motion at issue are required to file their opposing memorandum no later than "twenty-one (days) before the date designated for the hearing of the motion."  L.R. 7-9.  Failure to file the opposing memorandum "within the deadline [] may be deemed consent to the granting or denial of the motion."  L.R. 7-12.  Here, the County filed its Motion on October 7, 2022 and noticed the Motion for a hearing on November 18, 2022.  [Dkt. 30].  S.A.J.'s Opposition was due on or before October 28, 2022.  Because S.A.J. failed to file her Opposition by the deadline, the Court finds that she consented to the Motion.  L.R. 7-12.  *Mendoza v. County of San Bernardino*, No. EDCV 19-1056 JGB (SHKx), 2021 WL 4459659, at *2 (C.D. Cal. Aug. 27, 2021).

Even if S.A.J. had filed her Opposition, S.A.J.'s FAC fails to sufficiently state her claims against the County.  Municipalities can be sued under § 1983 for monetary, declaratory, or injunctive relief when the alleged unconstitutional action implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.  *Monell v. Dept. of Social Services*, 436 U.S. 658, 690 (1978).  However, municipalities "'may not be sued under § 1983 for an injury inflicted solely by its employees or agents'. . .but 'can be found liable under § 1983 only where the local municipality itself causes the constitutional violence at issue.'"  *Gonzales v. Lake Havasu City*, 836 F. App'x 554, 556 (9th Cir. 2020) (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)).  Additionally, California's Bane Act is applicable where plaintiff can either show (1) "'coercion independent from the coercion inherent in the Fourth Amendment violation itself;" or (2) that the coercion inherent to the Fourth Amendment violation occurred with the specific intent of violating of plaintiff's rights.  *Garcia v. City of Los Angeles*, No. CV 19-06182-DSF-PLA, 2020 WL 2129830, at *12 (C.D. Cal. Feb. 15, 2020).

Here, S.A.J. fails to allege sufficient facts to state a § 1983 claim and Bane Act claim against the County.  Each of the claims fail to allege sufficient facts and are conclusory in nature.  Beyond allegations that the County employed the Defendant Officers, S.A.J. makes no allegations that the County itself, through a policy or custom, caused the constitutional violation at issue.  *See Gonzalez*, 836 F. App'x at 556.  Further, S.A.J. fails to allege any facts showing that the County engaged in any coercive conduct.  Ultimately, S.A.J.'s FAC includes only vague and conclusory references to the County and, as such, is unable to plausibly allege any claim against the County, including her conspiracy claim, battery claim, and negligence claim.

**CIVIL MINUTES—
GENERAL**

Initials of Deputy Clerk <u>iv</u>

## IV.  CONCLUSION

It is therefore **ORDERED** that the County's Motion [Dkt. 30] is **GRANTED.**  Defendant County of San Bernadino is **DISMISSED** from the case.

**IT IS SO ORDERED.**