Caree Harper SBN 219048
LAW OFFICES OF CAREE HARPER
100 Wilshire Blvd. Suite 700
Santa Monica, CA 90401
Tel. (213) 386-5078

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.A.J. by and through Guardian *ad litem* LAURENCE TODD,<br><br>           Plaintiff,<br><br>vs.<br><br>RIALTO POLICE OFFICER IVAN DELGADILLO *et. al.*,<br><br>           Defendants. | **CASE NO**. 22:-CV-00767-SSS-SHK<br><br>Assigned to Honorable Judge Sunshine S. Sykes<br><br>**PLAINTIFF "SAJ" UNOPPOSED *EX PARTE* APPLICATION FOR A COURT ORDER APPROVING THE STRUCTURED SETTLEMENT ANNUITY, DECLARATIONS, EXHIBITS & [PROPOSED] ORDER FOR COURT APPROVAL OF MINORS' COMPROMISE**[1]<br><br>NO HEARING REQUIRED |

///

///

///

---

[1] This stipulation encompasses all applicable sections of the state court Judicial Council of California MC-350 form in a more readable and efficient format.

1

***EX PARTE* APPLICATION FOR APPROVAL FOR MINOR'S COMPROMISE AND [PROPOSED] ORDER**

**TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Plaintiff SAJ, by and through her guardian *ad litem* Laurence Todd hereby moves by way of this *Ex Parte* Application to for an order approving the proposed funding and periodic payment schedule for Plaintiff SAJ's structured settlement annuity.

## I.     *EX PARTE* NOTIFICATION

Plaintiff makes this application pursuant to Central District Local Rule 7-19. The grounds for this application are set forth in the Memorandum of Points and Authorities, which follows below, and the Declaration of Caree Harper, which is submitted concurrently herewith. Prior to filing this *ex parte* application, Plaintiff SAJ's counsel contacted Defendants City of Rialto and Ivan Delgadillo's counsel in compliance with Local Rule 19 through 7-19.1.

Defense counsel:

Nathan A. Oyster
Burke, Williams & Sorensen, LLP
444 South Flower Street, Suite 2400 |
Los Angeles, CA  90071-2953
Direct: 213.236.2719  Main: 213.236.0600 Fax: 213.236.2700
Email: noyster@bwslaw.com
Attorneys for the City of Rialto, Chief Kling and Officer Zamora

Angela M. Powell
Atkinson, Andelson, Loya, Ruud & Romo
12800 Center Court Drive, Suite 300,
Cerritos, California 90703
Direct: (562) 653-3442  Main: (562) 653-3200  Fax: (562) 653-3333
Email: angela.powell@aalrr.com
Attorneys for Officer Ivan  Delgadillo

*EX PARTE* APPLICATION FOR APPROVAL FOR MINOR'S COMPROMISE
AND [PROPOSED] ORDER

**See** Declaration of Caree Harper in Support of Ex Parte Application to Compromise the Claims of the Minor Plaintiff ("Harper Decl.") ¶¶ 2-3. Defendants' counsel have indicated that they do not intend on opposing this *ex parte* application, in fact they assisted in drafting the [Proposed] Order.

Plaintiff seeks approval of Plaintiff SAJ's compromise on an *ex parte* basis because the funding deadline for Plaintiff SAJ's structured settlement annuity is December 30, 2022 (Harper Decl.). Filing this application for approval of Plaintiff SAJ's claims as a regularly-noticed motion may cause a decrease in payment benefits to Plaintiff SAJ and her guardian. Accordingly, Plaintiff respectfully requests that this Court consider Plaintiff SAJ's application for approval of the proposed funding and periodic payment schedule for Plaintiff SAJ's structured settlement annuity on an *ex parte* basis.

Dated: December 14, 2022          LAW OFFICES OF CAREE HARPER


                                 By:     /s/ Caree Harper_____
                                         Caree Harper
                                         Attorney for Plaintiff LAURENCE
                                         TODD as *Guardian ad Litem* for minor
                                         "SAJ"

*EX PARTE* **APPLICATION FOR APPROVAL FOR MINOR'S COMPROMISE AND [PROPOSED] ORDER**

## II.    MEMORANDUM OF POINTS AND AUTHORITIES

Laurence Todd, guardian *ad litem* for minor plaintiff SAJ, hereby submits this *ex parte* application and proposed order for approval of the funding and periodic payment schedule of Plaintiff SAJ's structured settlement annuity in this matter, and request that this Honorable Court approve of the proposed distribution of Plaintiff SAJ's funds.

### A.    PETITION.

1.    That pursuant to Federal Rule of Civil Procedure 17(c) and California Code of Civil Procedure, Section 372, Petitioner **LAURENCE TODD** on behalf of the minor Plaintiffs, as their Guardian *ad Litem*, request an order from the Court approving their minors compromises.

2.    Petitioner, **LAURENCE TODD**, as Guardian *Ad Litem* respectfully alleges that:

(1)    (a)    Name of Minor:    "**SAJ**"

(b)    Age: 17 years old; Date of Birth: April 2005; Sex: Female

(c)    Residence in Rialto, California with biological parents.

(2)    **Nature of Claim.**  The claim of the minor listed in paragraphs 3 are the subject of this pending action that will be compromised without a trial on the merits of the claim in the total amount of **$1,500,000.00**.  Defendants are the City of Rialto,

3.    **Incident.**  On or about On February 11, 2022, Rialto police officer Ivan Delgadillo initiated a traffic stop of minor female "S.A.J" for speeding on a home-made mini-bike.  Defendant Delgadillo then verbally insulted the minor with condescending and gender insensitive comments.  When defendant Delgadillo did not receive a warm welcome to his cold hostility he inflicted a series of batteries on the minor. Specifically, Delgadillo roughly threw the minor down on the ground and choked her.  After handcuffing her he struck her in the throat area in the patrol unit.  Officer Zamora failed to intervene and both officers intentionally wrote false

*EX PARTE* **APPLICATION FOR APPROVAL FOR MINOR'S COMPROMISE
AND [PROPOSED] ORDER**

police reports to further their conspiratorial objectives of covering up the illegal and excessive use of force on the minor.

### 4. Defendants' Claims

Defendants contend that their use of force was objectively reasonable under the totality of the circumstances. Defendants contend the minor's failure to follow lawful instructions and attempted battery on Officer Delgadillo was reason for the use of force.

**5. Injuries.** The injuries sustained by minor "SAJ" was pain in her shoulders, and neck and fear for her life because she was subjected to being roughly thrown down and choked. She was also humiliated after the video of the incident went viral.

**6. Extent of injuries and recovery.** The minor recovered completely from the effects of the physical pain inflicted. Subsequent private MRIs and medical treatment revealed no physical injury from the incident. Minor "SAJ"s emotional injuries were resolved with a few therapy sessions with mental health providers.

There are no permanent physical injuries, and the substantial funds to the minor will cover future mental health needs should they arise.

7. **Due Diligence**.

Guardian *ad Litem* LAURENCE TODD[2] and plaintiff's counsel have made a careful and diligent inquiry and investigation to ascertain the facts relating to the incident in which the claimants were injured; the responsibility for the incident; and the nature, extent and seriousness of claimants' injuries. Petitioners fully understand that if the compromise proposed in this petition is approved by the Court and is consummated, the claimants will be forever barred from seeking any further recovery of compensation from the settling defendants named below even though the claimants' injuries may in the future appear to be more serious than

---

[2] Mr. Laurence Todd is the minor's maternal grand uncle who has worked as a paralegal for decades and is a second year law student. Mr. Todd has real world experience with assisting plaintiffs who have received large sums of cash. The minor turns 18 in 4 months and has financial advisors in place for her new station in life.

***EX PARTE* APPLICATION FOR APPROVAL FOR MINOR'S COMPROMISE
AND [PROPOSED] ORDER**

they are now thought to be.  Mr. Todd does not want the minor to experience the additional trauma of giving deposition and trial testimony.

**8.     Amount and terms of settlement.**

By way of settlement, the Defendants have offered to pay a total of **$1,500,000.00** (One million-five hundred thousand) to terminate the matter and the Plaintiff has accepted.

The terms are as follows:

a.     The minor, "SAJ", will receive **$1,000,000.00** (One million dollars);

b.     Plaintiff's counsel will receive $500,000.00 **(See Declaration)**;

c.     There will not be a settlement of the action if the District Court judge does not approve subsections a) and b) as they are material components of the Settlement Agreement as contemplated in **(See Settlement Agreement)**.

The Retainer Agreement with the plaintiff calls for 40 percent in attorneys' fees however fees have been reduced to 33 1/3 percent by Plaintiff's counsel.

d.     The minor will be an adult in four (4) months.  Nonetheless, the Guardian *ad Litem* requests the Court approve a structured settlement annuity to ensure the minor's long lastly wealth.  The terms are as follows:

1.) A lump sum payment directly from the City of Rialto in the amount of **$200,000.00** on the minor's 18th birthday;

2.) Monthly payments in the amount of $1,500.00 per month beginning **April 2023** according to the annuity structure (**Exhibit 1** attached herein).

3.) A lump sum at **age 21** in the amount of **$250,000.00 at a cost of** $220,550.00;

4.) A lump sum at **age 25** in the amount of **$340,000.00** at a cost of $245,095.80; and

*EX PARTE* **APPLICATION FOR APPROVAL FOR MINOR'S COMPROMISE AND [PROPOSED] ORDER**

5.)  A lump sum at **age 30** in the amount of $476,844.70 at a cost of $266,494.20.

The total payout will be: **$1,138,844.70** for an $800,000.00 investment.

**9.**    **Settlement payments to others.**

　　a.  Plaintiff's counsel has agreed to absorb all costs associated with the litigation.

**10.**    **Net balance of proceeds for minor "SAJ".**  The balance of the proceeds of the proposed settlement remaining for the claimants after payment of all requested fees and expenses is**:  $1,000,000,00.**

**11.**    **Summary.**

　　a.  Gross amount of the proceeds of settlement or judgment for the Petitioner:  $1,500,000.00

　　b.  Medical expenses to be paid from proceeds of settlement or judgment:  None.

　　c.  Attorney's fees to be paid from proceeds of settlement or judgment:  $500,000.00

　　d.  Expenses (other than medical) to be paid from proceeds of settlement or judgment:  **$0.00**.  Attorney is absorbing all costs associated with litigation

　　e.  Total of fees and expenses to be paid to be paid from proceeds of settlement or judgment:  $500,000.00 in attorneys' fees as it is a "material component" of the mediation and settlement agreements. The Retainer Agreement with the plaintiffs herein calls for a 40 percent in attorneys fee at the arbitration/mediation stage. Attorney reduced rate to 33 percent (See Retainer Agreement at **EXH. B**).

　　**f.**  Balance of proceeds of settlement or judgment available for claimants after payment of all fees and expenses:  **$1,000,000.00** with a guaranteed maturation at: **$1,138,844.70**

**12.** **Information about attorney representing or assisting petitioners**

    a. Caree Harper

        i. The attorney who has represented or assisted petitioners is Caree Harper

        ii. State Bar No. 219048

        iii. Law firm: Law Offices of Caree Harper

        iv. Address: 100 Wilshire Blvd. Suite 700

            Santa Monica, CA 90401

    b. The attorney has not received attorney's fees or other compensation in addition to that requested in this Stipulation (See Declaration of counsel.

    c. The attorney did not become concerned with this matter, directly or indirectly, at the instance of a party against whom the claim is asserted or a party's insurance carrier.

    d. The attorney is not representing or employed by any other party or insurance carrier currently involved in this matter.

    e. The attorney does not presently expect to receive attorney's fees or other compensation in addition to that requested in this petition for services provided in connection with the claims giving rise to this petition.

Plaintiff SAJ moves *ex parte* for a Court Order with specific language in approving the structured settlement annuities and periodic payment schedule.

///

///

///

*EX PARTE* **APPLICATION FOR APPROVAL FOR MINOR'S COMPROMISE AND [PROPOSED] ORDER**

For the foregoing reasons, Plaintiff SAJ, by and through her guardian *ad litem* Laurence Todd, respectfully requests the Court enter the proposed order submitted.

Dated: December 15, 2022          LAW OFFICES OF CAREE HARPER


By:     /s/ Caree Harper_____
          Caree Harper
          Attorney for Plaintiff LAURENCE
          TODD as *Guardian ad Litem* for minor
          "SAJ"

9

**EX PARTE APPLICATION FOR APPROVAL FOR MINOR'S COMPROMISE AND [PROPOSED] ORDER**